**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| TASEAN BROWN,<br>    *Plaintiff*,<br><br>    v.<br><br>LAUREN CLARK, *et al.*,<br>    *Defendants*. |

No. 3:26-cv-701 (VAB)

**INITIAL REVIEW ORDER**

Tasean Brown ("Plaintiff"), currently housed at Wyatt Detention Facility in Rhode Island, has filed a *pro se* Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971) alleging that government officials violated his constitutional rights by seizing a package without a warrant on April 9, 2024. *See* ECF No. 1 at 1, 3, 7.

The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court is required to liberally construe *pro se* complaints "to raise the strongest claims they suggest[.]" *Murphy v. Hughson*, 82 F.4th 177, 186 n.6 (2d Cir. 2023). Though Mr. Brown invokes the Fourth, Fifth, and Fourteenth Amendments, *see* ECF No. 1 at 7, allegations that law enforcement officials seized a package without a search warrant, *see id.*, most strongly suggest a

Fourth Amendment unreasonable search and seizure claim. *See Pennyman v. Desena*, No. 3:25-CV-00040 (SVN), 2026 WL 892276, at *5 (D. Conn. Mar. 31, 2026) (construing complaint "as raising a Fourth Amendment claim under § 1983, based on his allegations that Defendants illegally searched his residence."); *see also Jordan v. Dep't of Corr.*, No. 3:24-CV-236 (VAB), 2025 WL 1835955, at *15 (D. Conn. July 3, 2025) (noting that a "mere passing reference to constitutional amendments and statutes is insufficient to state a claim under such provisions." (cleaned up)).

Fourth Amendment claims for damages may be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) if "a judgment in the plaintiff's favor would necessarily imply the invalidity of a conviction or sentence where such conviction or sentence has not yet been invalidated, reversed on direct appeal, or called into question by the issuance of a writ of habeas corpus." *Huang v. Johnson*, 251 F.3d 65, 67 (2d Cir. 2001). "[T]he *Heck* rule has come to be known as the 'favorable termination' requirement." *McKithen v. Brown*, 481 F.3d 89, 101 n.13 (2d Cir. 2007). The favorable termination requirement applies equally to suits brought under section 1983 or *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (extending *Heck* doctrine to *Bivens* actions); *Viola v. Bryant*, No. 3:17-cv-00853 (CSH), 2017 WL 2676407, at *5 (D. Conn. June 21, 2017) ("It is well established that *Heck* also applies to *Bivens* actions.").

"[N]ot all Fourth Amendment claims under § 1983 and *Bivens* are barred by *Heck*," though. *Zografidis v. Richards*, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *8 (D. Conn. July 6, 2022), *report and recommendation adopted* (Oct. 7, 2022), *aff'd*, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023). For example, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]" *Heck*, 512 U.S. at 487 (emphasis in original). Thus,

"[c]ourts applying the *Heck* doctrine with respect to allegedly unlawful searches must assess whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence[.]" *Chacho v. Platt*, No. 3:25-CV-1213 (VDO), 2026 WL 1216227, at *8 (D. Conn. May 4, 2026) (cleaned up) (emphasis in original).

"[A] successful § 1983 action does not necessarily imply that the plaintiff's conviction was unlawful where a plaintiff (1) establishes that the independent source, inevitable discovery, or harmless error doctrines apply, (2) proves that the search was unlawful, and (3) proves that the search caused him actual, compensable injury, which does *not* encompass the injury of being convicted and imprisoned (until his conviction has been overturned)." *Pennyman*, 2026 WL 892276, at *5 (cleaned up) (emphasis original). But "[d]istrict courts have found that, when a § 1983 action targets a single episode involving a single search, such a case would necessarily demonstrate the invalidity of a conviction based on that search." *Chacho*, 2026 WL 1216227, at *9 (cleaned up).

Here, Mr. Brown's Complaint "targets a single episode involving a single search," *id.*; *see also* ECF No. 1 at 7, so "such a case would necessarily demonstrate the invalidity of a conviction based on that search." *Chacho*, 2026 WL 1216227, at *9 (cleaned up). That search is currently the subject of a motion to suppress filed by Mr. Brown in his pending federal criminal case. *See United States v. Brown*, 3:25-cr-00057-SFR, ECF Nos. 109 (motion); 110 at 5 (supporting memorandum alleging that "law enforcement officers seized and search a package before obtaining a search warrant" on April 9, 2024 (emphasis and caps omitted)); *see also Castro v. Flowers*, No. 3:26-CV-225 (SRU), 2026 WL 1601850, at *1 n.3 (D. Conn. June 4, 2026) (taking judicial notice of habeas petitioner's federal criminal case).

Judge Russell has not set Mr. Brown's motion to suppress for hearing or rendered a decision on that motion. *See Brown*, 3:25-cr-00057-SFR, ECF No. 115 (noting that Judge Russell "will determine after reviewing the Government's response whether to schedule oral argument or an evidentiary hearing."); ECF No. 119 (Government's reply filed July 9, 2026). Because that motion—and the criminal case in which it was filed—remains pending, Mr. Brown cannot allege favorable termination. *See*, *e.g.*, *Harper v. Shaw*, No. 3:24-CV-1416 (VAB), 2025 WL 437307, at *3 (D. Conn. Feb. 7, 2025) (concluding that, because plaintiff's "cases remain pending, [plaintiff] cannot allege favorable termination." (citing *Nelson v. City of Stamford*, No. 3:09-CV-1690 VLB, 2012 WL 233994, at *11 (D. Conn. Jan. 25, 2012) (concluding that plaintiff could not "establish a favorable termination because her criminal case is still pending more than five years after her arrest"))).

Accordingly, any claim for damages is barred by *Heck*.

Mr. Brown's Complaint also seeks "[a]ll charges [to] be dismiss[ed] with prejudice…." ECF No. 1 at 6. The Court presumes that the "charges" to which Mr. Brown refers are the Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl charges filed in his federal criminal case. *See Brown*, 3:25-cr-00057-SFR, ECF No. 1 (indictment). To the extent Mr. Brown requests this Court to dismiss those pending criminal charges as a form of injunctive relief, "[t]he bar established in *Heck* applies regardless of whether a plaintiff seeks damages or injunctive relief." *Stegemann v. Rensselaer Cnty. Sheriff's Off.*, No. 20-3316-CV, 2021 WL 5492966, at *2 (2d Cir. Nov. 23, 2021) (summary order) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).

Accordingly, any claim for injunctive relief is also barred by *Heck*.

Because Mr. Brown is unable to allege favorable termination, his Complaint seeking damages and injunctive relief arising from his Fourth Amendment unreasonable search and seizure claim must be **DISMISSED without prejudice** under 28 U.S.C. § 1915A(b)(1).

Should Mr. Brown's federal criminal case terminate in his favor, he may refile this suit within the applicable statute of limitations.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 27th day of July, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE